```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/27/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSRAM SYLVANIA INC.,

                Plaintiff,

        v.

LEDVANCE LLC,

                Defendant.

No. 20-CV-9858 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Osram Sylvania Inc. moves for a preliminary injunction that would prohibit Defendant Ledvance LLC from operating, on Amazon and other e-commerce platforms, a "brand shop" in which it sells authorized Sylvania-branded products. Plaintiff argues that Defendant's operation of this brand shop infringes its trademarks in violation of the Lanham Act and breaches the trademark license agreement that authorizes Defendant to sell general lighting products bearing the Sylvania brand. Because Plaintiff has not met its burden of demonstrating the irreparable harm necessary to justify a preliminary injunction, the motion is DENIED.

## BACKGROUND

The following facts are drawn from the Complaint, the declarations of Greg Bibbo ("Bibbo Decl."), Toby Butterfield ("Butterfield Decl."), Andrew Martin ("Martin Decl."), Greg Paradise ("Paradise Decl."), and Sarah Sasso ("Sasso Decl."), the supplemental declaration of Greg Bibbo ("Bibbo Supp. Decl."), and the documents attached thereto. *See Mullins v. City of New York*, 626 F.3d 47, 51-52 (2d Cir. 2010) (recognizing that a district court may rely on affidavits, depositions and sworn testimony in adjudicating a motion seeking preliminary injunctive relief).

In July 2016, pursuant to a trademark license agreement ("TMLA"), Plaintiff licensed to Defendant the right to use the Sylvania brand and certain associated trademarks in connection with the sale of general lighting products. *See* Bibbo Decl. ¶¶ 4-6; Martin Decl. ¶¶ 4-6. While Plaintiff continues to sell automotive and business lighting products under the Sylvania brand, Defendant's parent company purchased the brand's worldwide general lighting business. Martin Decl. ¶ 6. Pursuant to the TMLA, Defendant was authorized to use Sylvania trademarks and to sell Sylvania-branded lighting products, subject to certain limitations.

In August 2020, Plaintiff discovered that Defendant was operating an Amazon store under the name "SYLVANIA General Lighting," to which Amazon was erroneously linking a number of Plaintiff's products. Compl. ¶ 14; Butterfield Decl., Ex. A. In response, Plaintiff sent a letter notifying Defendant that the operation of the store without Plaintiff's authorization violated the TMLA. Butterfield Decl., Ex. A. Two months later, Plaintiff followed up with a cease-and-desist letter. *See id.*, Ex. C. Defendant responded that it had "changed its Amazon Brand Shop name to "LEDVANCE' to remove any use of Sylvania in the name," in an "effort to avoid the threatened immediate litigation." Sasso Decl. ¶ 7; *see* Butterfield Decl., Ex. D. Plaintiff continues to operate its own Amazon store through which it sells Sylvania-branded automotive lighting products. *See* Sasso Decl. ¶ 8. Although Amazon appears to have largely rectified the linking issues, some of Defendant's general lighting products remain erroneously linked to Plaintiff's automotive-focused brand store. *See* Bibbo Supp. Decl., Ex. A.

Plaintiff filed this action on November 23, 2020 alleging breach of contract, unfair competition, and trademark infringement in violation of the Lanham Act. The Complaint contends that the existence of Defendant's Amazon store "confus[es] consumers, and divert[s] sales away from [Plaintiff] and to Defendant." Compl. ¶ 24. On December 4, 2020, Osram moved for a preliminary injunction. Dkt. 15. Oral argument was held on January 6, 2021. *See* Dkt. 37.

**STANDARD OF REVIEW**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To demonstrate eligibility for such relief, a "movant must establish '(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation . . . and (2) irreparable harm in the absence of the injunction.'" *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183–84 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)).

The Second Circuit has stated that "the single most important prerequisite for the issuance of a preliminary injunction" is a showing that Plaintiff "would be irreparably injured in the absence of preliminary injunctive relief." *Yang v. Kosinski*, 960 F.3d 119, 128 (2d Cir. 2020). Accordingly, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted). "[P]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent." *Faiveley Transp. Malmo AB*, 559 F.3d at 118 (internal quotation marks omitted). In other words, a plaintiff seeking preliminary relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original).

Where an action sounds in breach of contract, and "injury can be appropriately compensated by an award of monetary damages, . . . no irreparable injury may be found to justify [injunctive] relief." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004). "But, irreparable harm may be found where damages are difficult to establish and measure." *Id.* In a trademark case, irreparable harm may be demonstrated by evidence that the moving party "will lose control over the reputation of its trademark . . . because loss of control over one's reputation is neither 'calculable nor precisely compensable.'" *Pearson*

*Educ., Inc. v. Labos*, No. 19 CIV. 487 (CM), 2019 WL 1949820, at *6 (S.D.N.Y. Apr. 23, 2019) (quoting *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.,* 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013)).

## DISCUSSION

Having reviewed the documentary materials submitted in support of Plaintiff's motion, the Court finds that Plaintiff has not met its burden of demonstrating irreparable harm. According to Plaintiff, Defendant's operation of the Amazon store

> tarnishes the inherent value of [its trademarks] by creating a confusing environment for customers who come looking for Sylvania products by name[,] . . . . impair[s] Sylvania's reputation, dilute[s] Sylvania's brand and goodwill, and wrongfully cause[s] customers to believe incorrectly that the only Sylvania branded products that exist are the [general lighting products] made by [Defendant].

Pl. Mot. at 18. The Court is not persuaded, however, that the continued operation of Defendant's Amazon store is likely to cause the irreparable harm described above.

**I.   Irreparable Harm from Trademark Infringement**

As an initial matter, the Court notes that Plaintiff's primary theory of irreparable harm—pursuant to which the sale of authorized products in an unauthorized manner impairs the value or reputation of the trademark—appears to lack any legal precedent. Plaintiff relies on three cases for the general proposition that trademark infringement occurs when a licensee sells a product outside the scope of its license. *See* Reply Br. at 3-4 (citing *Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*, 816 F.2d 68 (2d Cir. 1987), *Baskin-Robbins Ice Cream Co. v. D & L Ice Cream Co.*, 576 F. Supp. 1055 (E.D.N.Y. 1983), and *Murjani Int'l, Ltd. v. Sun Apparel, Inc.*, No. 87 CIV. 4628 (PKL), 1987 WL 15110 (S.D.N.Y. July 31, 1987)). None supports Plaintiff's theory. In *Original Appalachian Artworks, Inc.*, the Court of Appeals for the Second Circuit affirmed a permanent injunction against the unauthorized importation and sale in the United States of Spanish-branded cabbage patch dolls, which were materially different from, and direct competitors of, the dolls manufactured in the United States by the plaintiff trademark owner. 816 F.2d at

4

70. Similarly, the *Baskin-Robbins Ice Cream Co.* court permanently enjoined Baskin-Robbins franchisees from selling other manufacturers' ice cream in Baskin-Robbins-branded cups. 576 F. Supp. at 1059-60. Lastly, in *Murjani Int'l, Ltd.,* a judge in this District preliminarily enjoined a jeans manufacturer from branding products with the plaintiff's trademarks after the licensing agreement between the two entities was terminated. 1987 WL 15110 at *12. In each case, the defendant's infringing behavior created confusion as to the true origin of the product, potentially diluting the value of the trademark.

Here, by contrast, there is no allegation that Defendant has placed the Sylvania brand on any unauthorized products, or committed any other action that would confuse a consumer as to the source of the lights it offers for sale. Defendant is authorized to sell Sylvania-branded lighting products, and Plaintiff takes no issue with the products themselves. Rather, Plaintiff challenges only the manner in which Defendant sells those authorized products. Plaintiff has thus failed to show injury to the value of the goodwill and reputation associated with the Sylvania trademark in the way envisioned by the above-cited cases.

In any event, Plaintiff has failed to demonstrate that the simultaneous existence of two Amazon stores that sell distinct products that bear the same brand is likely to create brand confusion. In other words, Plaintiff's theories of consumer confusion are too speculative to justify a preliminary injunction. *See Faiveley Transp. Malmo AB*, 559 F.3d at 118.

According to Plaintiff, a potential consumer who specifically searches for "Sylvania bulb" on Amazon may be directed to Defendant's Sylvania-branded general lighting store and erroneously conclude that the Sylvania brand does not sell automotive lighting products. Although that hypothetical confusion is possible, the Court cannot conclude that it is "actual and imminent." *Id.* Moreover, the screenshots submitted by Defendant, indicating that searches for "Sylvania bulb" and "Sylvania auto bulb" would appropriately lead an Amazon user to a listing of Plaintiff's automotive products, *see* Paradise

5

Decl., Exs. A-B, cast further doubt on the plausibility of Plaintiff's scenario of confusion for "customers who come looking for Sylvania products by name," Pl. Mot. at 18.

The related argument that any consumer who visits Defendant's brand store is "likely to believe, incorrectly, that the SYLVANIA-branded products [sold therein] are the only SYLVANIA-branded products available," *see* Bibbo Supp. Decl. ¶ 5, suffers from the same failings.  The Court cannot conclude that such confusion is likely, especially since Plaintiff provides no evidence that consumers depend upon Amazon brand stores in the manner it describes.  Because Plaintiff has not demonstrated that it is likely to "lose control over the reputation of its trademark" absent intervention from this Court, preliminary injunctive relief is not warranted.  *See Pearson Educ., Inc.* 2019 WL 1949820, at *6.

## II. Irreparable Harm from Breach of Contract

Finally, although Plaintiff makes a compelling argument as to why Defendant's conduct may violate the TMLA provision that grants Plaintiff the exclusive right to operate "SYLVANIA brand shops on e-business or e-commerce platforms," *see* Bibbo Decl., Ex. B at 10, it has failed to demonstrate that any harm caused by this alleged breach is irreparable.  As described above, the Court is not persuaded that Defendant's Amazon store is likely to divert customers seeking Plaintiff's automotive products to Plaintiff's competitors.  Even if the Court were to accept the argument that the infringing brand shop will reduce sales of Plaintiff's products on Amazon, Plaintiff has not demonstrated why lost revenue cannot be appropriately compensated by an award of money damages following trial.  *See Register.com, Inc.*, 356 F.3d at 404.  In its motion, Plaintiff alleges, without support, that "it is impossible to determine the extent to which the continued existence of [Defendant's] Brand Shop damages the brand and diverts business away from Plaintiff." Reply Br. at 3.  Yet Plaintiff does not explain why it could not measure lost revenue at trial by, for example, comparing sales revenue on Amazon prior to the launching of Defendant's store with sales numbers during its operation.

Because Plaintiff has failed to demonstrate that irreparable harm is likely to stem from either the breach of the TMLA or the alleged infringement of its trademarks, it is not entitled to the extraordinary remedy of a preliminary injunction.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED.

Dated:   January 27, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge