UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSRAM SYLVANIA, | |
| Plaintiff, | |
| v. | |
| LEDVANCE LLC, | |
| Defendant. | |

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

20-CV-9858 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Osram Sylvania brings this action against Defendant Ledvance LLC, alleging breach of contract, unfair competition, and violations of the Lanham Act. Plaintiff has filed the Complaint in redacted form, omitting provisions of the Trademark License Agreement ("TMLA") entered into between Plaintiff and Defendant. Plaintiff subsequently moved for a preliminary injunction, which the Court denied on January 27, 2021. In its memorandum of law in support of that motion, and in certain supporting declarations and exhibits thereto, Plaintiff again redacted references to the TMLA, as well as minutes of a meeting of the European Brand Council that governs the trademark licensing relationship between the parent companies of Plaintiff and Defendant.

Now before the Court are Plaintiff's unopposed letter motions seeking leave to file those redactions. Plaintiff has also requested that the Court redact references to the TMLA from the transcript of oral argument concerning the preliminary injunction. For the reasons explained below, those motions are denied.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (internal quotation marks omitted). In light of these important considerations, the Court of Appeals for the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Id*. First, the court must determine whether the documents at issue are judicial documents. *Id*. Second, it must assess the weight of the presumption of public access that attaches to those documents. *Id*. Third, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. at 120 (internal quotation marks omitted). A court must "'make specific, rigorous findings before sealing [a] document or otherwise denying public access.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cty. Of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

Here, the documents the parties seek to redact or seal—the Complaint, Plaintiff's Memorandum of Law in Support of its Motion for a Preliminary Injunction, and the supporting declarations of Greg Bibbo (and Exhibit B thereto) and Toby Butterfield (and Exhibits A, C, and F thereto)—are plainly judicial documents. *See Bernstein*, 814 F.3d at 139-140 (classifying "pleadings in civil litigation (other than discovery motions and accompanying exhibits)" as judicial documents (internal quotation marks omitted)). Each of the relevant documents is therefore entitled to a strong presumption of access. *Lugosch*, 435 F.3d at 121.

The presumption of public access is particularly strong in this case because the portions of the pleadings that Plaintiffs seek to seal are central to the underlying dispute. The weight of the

presumption of access afforded a particular judicial document is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal quotations omitted). Because this action sounds partially in breach of contract, the interpretation of specific provisions of the TMLA is a central issue. As a result, both the Complaint and the parties' motion papers are dedicated in substantial part to analyzing the terms of the TMLA, particularly the degree to which they apply to Defendant's operation of a brand shop on Amazon, the core dispute of this case. Nonetheless, Plaintiff has asked this Court to redact all references to the relevant terms of the TMLA. Plaintiff also seeks to seal meeting minutes, which Defendant maintains demonstrate Plaintiff's consent, per the procedure outlined in the TMLA, to the offending brand shop. Granting these requests would leave the Court "unable to explain [its] reasoning" in further adjudication of this matter "without extensive reference to materials under seal." *Joy v North*, 692 F.2d 880, 897 (2d Cir. 1982). The public consequently would be denied access to "matters that directly affect [this] adjudication." *Lugosch*, 435 F.3d at 119.

Plaintiff urges that redaction of any references to the "exact terms of the TMLA" is necessary to protect "highly confidential and proprietary business terms constituting trade secrets," and that "public disclosure of the TMLA's terms by public filing of the unredacted complaint would cause competitive harm by allow third parties access to competitively sensitive information . . ." Dkt. 8 at 1-2; Dkt. 20 at 1-2. Plaintiff maintains that the competitive harm that the parties stand to suffer from disclosure of these confidential terms outweighs the strong presumption of public access that attaches to the judicial documents. The Court disagrees.

It is true that courts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents. *See, e.g., United States v. Amodeo*, 44 F.3d 141,

3

147 (2d Cir. 1995). Harm to a litigant's competitive standing likewise constitutes a competing consideration. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606,614 (S.D.N.Y. 1998) (citing the "extensive and irreparable harm" to "defendants' competitive position" that would result from disclosure). When weighing privacy interests, however, courts must consider the "nature and degree of injury," paying heed to "the sensitivity of the information and the subject." *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("*Amodeo II*"). A redaction will be approved only if it is narrowly tailored to the interest that justifies the redaction. *See Lugosch*, 435 F.3d at 120. Here, the Court is not persuaded that the privacy interests in the TMLA provisions governing the use of brand shops on e-business or e-commerce platforms are sufficient to counteract the strong presumption of public access. Plaintiff asks the Court to redact *all* of the material that is critical to the adjudication of the action for breach of contract. It is unwilling to do so. The Court cannot pronounce on the merits of that issue without substantial reference to, and interpretation of, the very material that the parties seek to redact.

Having weighed the high presumption of access that attaches to these judicial documents against the important, but lesser, interests of the litigants in maintaining their competitive standing, the Court denies the requests to redact the Complaint or the documents submitted to the Court in connection with the motion for a preliminary injunction. Should the parties wish to submit alternative proposed redactions more narrowly tailored to the interests they seek to protect, they may submit such proposed redactions to the Court no later than February 26, 2021. However, the parties are advised that, for the reasons set forth in this Order, the Court will not shield from the public the key terms of the TMLA which are critical to the claim for breach of contract.

The Clerk of Court is respectfully directed to terminate items number 8 and 20 on the docket.

SO ORDERED.

Dated:   February 5, 2021
         New York, New York

_____
RONNIE ABRAMS
United States District Judge