

Lerner David LLP
20 Commerce Drive
Cranford, NJ 07016
908 654 5000 main
lernerdavid.com

**Gregg A. Paradise**
908.518.6323
gparadisel@lernerdavid.com

September 8, 2023

**VIA ECF**
The Honorable Judge Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238

   Re: *Osram Sylvania Inc. v. Ledvance LLC*, Case No. 1:20-cv-09858
      Letter Motion to Compel Plaintiffs to Produce Documents

Dear Honorable Judge Subramanian:

  We represent Defendant Ledvance LLC ("Ledvance") in the above referenced action and submit this letter motion seeking the Court's assistance in compelling Plaintiff Osram Sylvania Inc. ("OSI") to produce certain relevant documents. Before seeking the Court's intervention, I conferred with lead trial counsel for OSI in accordance with Your Honor's Individual Practice 5(B), as further described below. Despite our efforts, OSI maintains its refusal to produce any documents relevant to the below requests and I have therefore informed counsel for OSI that we are now at an impasse. In particular, OSI refuses to provide any documents in response to Ledvance's Third Set of Requests for Production, which include the following requests:

  **REQUEST FOR PRODUCTION NO. 27:** All documents that refer or relate to consumer complaints concerning licensed products manufactured and/or sold by Curtis International Ltd. or any related company.

  **REQUEST FOR PRODUCTION NO. 28:** All documents that refer or relate to disputes between OSI and Curtis International Ltd. in connection with the manufacture and/or sale of licensed products.

  **REQUEST FOR PRODUCTION NO. 29:** All documents that refer or relate to consumer complaints concerning licensed products manufactured and/or sold by Inliten LLC or any related company.

**REQUEST FOR PRODUCTION NO. 30:** All documents that refer or relate to disputes between OSI and Inliten LLC in connection with the manufacture and/or sale of licensed products.

In its written response on July 14, 2023 OSI refused to produce any documents in response to these requests. According to OSI, the requests lack relevance because Inliten LLC ("Inliten") and Curtis International Ltd. ("Curtis") do "not have a Brand Shop on Amazon, nor [do they] sell products in OSI's Brand Shop on Amazon."[1]

In response, Ledvance served a deficiency letter on July 21, 2023, stating that the documents are relevant as OSI has alleged damage to its goodwill and brand reputation. *See* Dkt. 108, First Amended Complaint at ¶¶ 5, 60-61. As such, Ledvance believes that any consumer complaints and/or disputes concerning licensed products by Curtis or Inliten are relevant to an assessment of OSI's goodwill and brand reputation.

After exchanging written positions, the parties participated in a meet and confer by videoconference on August 31, 2023 at 3:00pm. I participated as lead trial counsel with Hoda Rifai-Bashjawish and Daniela Caro-Esposito for Ledvance, while Toby Butterfield participated as lead trial counsel with Alexandra Kolod for OSI. The parties conferred for approximately 45 minutes, after which counsel for OSI represented that they would confer with their client. On Tuesday, September 5, 2023, counsel for OSI represented by email correspondence that their position regarding the relevancy of the requested documents remained unchanged. OSI's counsel additionally represented that upon information gathered from the client, the number of documents responsive to the requests were minimal and/or subject to confidentiality agreements with the licensee. Further correspondence was exchanged between the parties, however, no resolution was reached. On September 8, 2023, counsel for Ledvance informed OSI that the parties were at an impasse and that assistance from the Court would be sought by letter motion in accordance with Your Honor's Individual Practice 5(B).

Under Federal Rules of Civil Procedure 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

First, the requested documents are relevant and proportional to the needs of the case as they pertain to an issue alleged by OSI in its First Amended Complaint and is limited in scope to specific identified products, licensees, and issues. OSI has placed its brand reputation and goodwill at issue

---

[1] The parties dispute the appropriateness of using the term "Brand Shop." Defendant asserts that this is a term of art defined within the licensing agreement at issue in this matter, and as such that the term does not equate to a typical Amazon Storefront.

in this matter, and as such, documents relating to the OSI's reputation and goodwill and the value of that reputation and goodwill are within the scope of the allegations and therefore relevant and proportional to the needs of the case. Here, Ledvance focuses its requests on two known licensees with public facing consumer complaints. Ledvance is entitled to know the extent of these complaints, the impact of these complaints on OSI's brand reputation and goodwill, and whether OSI had any disputes with these licensees. Therefore, these documents are relevant and proportional to the needs of the case.

Second, the parties entered into a confidentiality stipulation, which has been ordered by the Court. Dkt. 44. This Order governs the sharing of confidential information between the parties and overcomes any purported excuse that OSI's confidentiality agreement with Curtis prevents it from producing relevant information related to disputes between them. *Id*.

Third, OSI has already represented that the number of documents responsive to the requests are minimal. As this small collection of documents has already apparently been located and/or are easily obtained and reviewed, OSI cannot reasonably argue that these requests, are overly burdensome.

Thus, Ledvance respectfully requests a conference with the Court and an order compelling OSI to produce information responsive to the aforementioned Requests for Production Numbers 27-30.

Respectfully submitted,

*/s/ Gregg A. Paradise*
Gregg A. Paradise
LERNER DAVID LLP
20 Commerce Drive
Cranford, NJ 07016
Tel:    908.654.5000
gparadise@lernerdavid.com
litigation@lernerdavid.com

*Attorneys for Defendant-Counterclaim Plaintiff Ledvance LLC*

This letter motion will be addressed at the September 13 conference. Plaintiff should submit any opposition letter by **September 12, 2023, at 5:00 p.m.**

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 11, 2023

3